UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL NAVARRO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REALPAGE, INC.; GREYSTAR REAL ESTATE PARTNERS, LLC; CUSHMAN & WAKEFIELD, INC.; PINNACLE PROPERTY MANAGEMENT SERVICES, LLC; BH MANAGEMENT SERVICES, LLC; CAMPUS ADVANTAGE, INC.; CARDINAL GROUP HOLDINGS LLC; CA VENTURES GLOBAL SERVICES, LLC; D.P. PREISS COMPANY, INC.; THE MICHAELS ORGANIZATION, LLC and INTERSTATE REALTY MANAGEMENT COMPANY,<br><br>Defendants. | No. 2:22-cv-01552-RSL |

**STATUS REPORT**

Plaintiffs and Defendants in the above-captioned action respectfully submit this status report pursuant to the Court's orders of November 28, 2022 and December 1, 2022, which directed the parties to meet and confer and file a status report regarding a proposed case schedule. *See Navarro v. RealPage, Inc., et al.*, No. 2:22-cv-01552-RSL (W.D. Wash.), ECF Nos. 21, 41. Pursuant to the Court's order, Plaintiffs and Defendants met and conferred regarding a proposed case schedule on December 19, 2022. They have stated their respective positions on the subject below.

**Plaintiffs' Position.** The Parties had previously filed stipulated motions in *Alvarez* and

*Navarro* requesting that the Court suspend Defendants' deadlines to respond to the complaint, in light of the fact that several actions had been filed and continued to be filed in courts around the country, and instead file a status report on December 21, 2022. . *See Navarro* Dkt. 21, 41; *Alvarez* Dkt. 11. In *Cherry*, this Court ordered the parties to file a status report by December 21, 2022 after the case was transferred. *Cherry* Dkt. 41.

Since then, several critical developments have transpired readying the case for a schedule, as explained below.

First, this case is one of many involving Defendant RealPage, Inc. and several other overlapping defendants that was related to *Navarro, et al. v. RealPage, Inc., et al.*, No. 2:22-cv-01552-RSL, and re-assigned to this Court. At this point, 11 cases involving RealPage in the Western District of Washington are now pending before this Court.

Second, on December 8 and 9, 2022, Defendants filed a motion before the Judicial Panel on Multi-District Litigation ("JPML") seeking to have various litigation matters, including those pending before this Court, transferred to the Northern District of Texas. *See e.g., Alvarez* Dkt. 31. Defendants filed that motion after counsel for the plaintiffs in these various actions had begun coordinating to dismiss and re-file their matters in this Court, consistent with the JPML's instruction that plaintiffs must explore alternatives to centralization, such as seeking to privately agree on a consensus jurisdiction, prior to burdening the JPML with a centralization motion under Section 1407.[1] On December 16, 2022, the JPML *sua sponte* dismissed Defendants' motion to transfer venue as moot because plaintiffs' successful coordination deprived the matter of its multi-jurisdictional character. *See Alvarez* Dkt. 46.

Third, on December 19, 2022, the plaintiffs in all cases pending at that point in time before the Western District of Washington filed a motion to consolidate these cases and appoint

---

[1] *In re: Gerber Probiotic Prod. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d 1378, 1379–80 (U.S. Jud. Pan. Mult. Lit. 2012) ("The Panel has often stated that centralization under Section 1407 'should be the last solution after considered review of all other options.' *In re Best Buy Co., Inc., California Song–Beverly Credit Card Act Litig.*, 804 F.Supp.2d 1376, 1378 (J.P.M.L.2011). These options include: Section 1404 transfer; dismissal or stay under the first-to-file doctrine; agreement by plaintiffs to voluntarily dismiss their actions in favor of one district; and cooperation and coordination among the parties and the various transferor courts.").

interim co-lead class counsel and a plaintiffs' executive committee to promote efficient coordination of these related litigation matters. *See Navarro* Dkt. 67.

These developments make clear that all related cases in The Western District of Washington either have been, or are soon expected to be, coordinated before this Court.[2]

Defendants' main stated reason for continuing to delay is the existence of certain, copycat actions filed within the last week by a single group of law firms on behalf of subsets of the proposed nationwide multifamily class of renters. *See Weaver v. RealPage, Inc., et al.*, No. 1:22-cv-3224 (D. Col.) (proposed class of multifamily renters in the Denver area); *White v. RealPage, Inc., et al.*, No. 1:22-cv-12134 (D. Mass.) (proposed class of multifamily renters in the Boston area); *Vincin et al. v. RealPage, Inc. et al.*, No. 1:22-cv-01329 (W.D. Tex.) (proposed class of multifamily renters in the Austin area); (*Carter v. RealPage, Inc. et al.*, No. 1:22-cv-1332 (W.D. Tex.) (proposed class of multifamily renters in the Austin area; and *Boelens v. RealPage, Inc. et al.*, No. 2:22-cv-01802 (W.D. Wash.) (proposed class of multifamily renters in the Seattle area).

Plaintiffs are reaching out to the plaintiffs in those actions to see if they will consent to transfer and consolidation of those cases before this Court. In any case, the existence of these copycat cases —filed months after the actions here—is no reason to halt progress in the pending cases already before this Court.

In particular, in the event that the Court grants Plaintiffs' pending, unopposed leadership motions, Plaintiff counsel will represent, respectively, putative nationwide classes of multifamily and student renters and will have the full ability to efficiently coordinate all litigation nationwide pending on behalf of the classes. Appointment of leadership would confirm that Plaintiff counsel is interim class counsel on behalf of nationwide classes, including subsets of that class for which copycat actions are currently pending outside this district. Plaintiffs anticipate that prompt appointment of leadership in these cases would be efficient

---

[2] Plaintiffs in the recently filed *Boelens* case noted on their civil cover sheet that the case was related to the eleven cases pending before this Court. *See Boelens v. RealPage, Inc. et al.*, No. 2:22-cv-01802 (W.D. Wash.), Dkt. 1.

because it may obviate any need for an MDL in the event that Defendants renew those efforts. Therefore, the Court's ruling on the pending, unopposed leadership motions would be greatly beneficial in aiding Plaintiffs' continued efforts to coordinate all related cases.

Defendants also provide no explanation for why the Court should delay in resolving Plaintiffs' motion to consolidate nor do they voice any substantive objection to consolidation. Indeed, Defendants themselves repeatedly emphasize the need for efficiency and do not dispute that the cases are related. There is no reason to delay on consolidating the cases that are currently before this court.

Therefore, Plaintiffs think that these cases are now ready to proceed. Plaintiffs respectfully submit that the Court should grant the pending consolidation motion and adopt the following schedule:

- **45 Days After Order Granting Consolidation:** Plaintiffs to file Consolidated Class Action Complaint.

- **45 Days After Consolidated Complaint or Order Denying Consolidation:** Defendants to file consolidated motion to dismiss not to exceed 30 pages.[3] Each Defendant may have the option to file a separate, additional statement not exceeding 4 pages addressing unique issues that cannot be ard are not covered in a joint brief.

- **45 Days After Motion to Dismiss:** Plaintiffs to file a consolidated opposition not to exceed 30 pages, with up to 4 pages to respond to each separate statement by a Defendant (which may be filed separately or in a consolidated fashion).

- **21 Days After Opposition to Motion to Dismiss:** Defendants to file a consolidated reply brief not to exceed 15 pages. To the extent any Defendant filed a separate opposition addressing Defendant-specific concerns, they shall have up to 2 additional pages to file a reply to any Defendant-specific opposition filed by Plaintiffs.

- **Hearing on Motion to Dismiss:** To be scheduled at the Court's convenience.

---

[3] Plaintiffs are willing to meet and confer further with Defendants regarding page limits.

**Defendants' Position.** Defendants respectfully submit that it would be premature to enter a case schedule at this time. The above-captioned action is related to at least 15 other actions, including four actions respectively pending in the Western District of Texas, the District of Colorado, and the District of Massachusetts.[4] Defendants believe that judicial and party efficiency is best served by first determining the District in which all 16 of these actions (collectively, the "Related Actions") will be consolidated and heard for common pre-trial proceedings before imposing a litigation schedule, or ordering any other activity, in this matter. Defendants and other defendants named in the Related Actions will soon be filing a motion to transfer Related Actions, including the above-captioned action, to a District outside Washington. A group of defendants named in the Related Actions, including many Defendants, previously filed a motion under 28 U.S.C. § 1407 before the U.S. Judicial Panel on Multidistrict Litigation (the "Panel") to consolidate the Related Actions in the Northern District of Texas, which the Panel dismissed as moot, on December 16, 2022, because all extant cases at the time of dismissal were in the Western District of Washington.[5] In the intervening five days, however, four Related Actions have been filed outside the Western District of Washington. Moreover, because the most recently filed cases were filed by different Plaintiffs' counsel, there is no indication that those cases will be dismissed and re-filed here. The Related Actions accordingly span multiple districts

---

[4] These fifteen other related actions are: (1) *Alvarez et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01617-RSL (W.D. Wash.); (2) *Cherry et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01618 (W.D. Wash.); (3) *Morgan et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01712 (W.D. Wash.); (4) *Armas et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01726 (W.D. Wash.); (5) *Johnson v. RealPage, Inc. et al.*, No. 2:22-cv-01734 (W.D. Wash.); (6) *Silverman et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01740 (W.D. Wash.); (7) *Bohn et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01743 (W.D. Wash.); (8) *Pham et al. v. RealPage, Inc. et al.*, No. 2:22-cv-01744 (W.D. Wash.); (9) *Weaver v. RealPage, Inc. et al.*, No. 1:22-cv-03224 (D. Colo.); (10) *Godfrey v. RealPage, Inc. et al.*, No. 2:22-cv-01759 (W.D. Wash.); (11) *Zhovmiruk v. RealPage, Inc. et al.*, No. 2:22-cv-01779 (W.D. Wash.); (12) *White v. RealPage, Inc. et al.*, No. 1:22-cv-12134 (D. Mass.); (13) *Vincin et al. v. RealPage, Inc. et al.*, No. 1:22-cv-01329 (W.D. Tex.); (14) *Carter v. RealPage, Inc. et al.*, No. 1:22-cv-1332 (W.D. Tex.); and (15) *Boelens v. RealPage, Inc. et al.*, No. 2:22-cv-01802 (W.D. Wash.).

[5] At the time Defendants filed their original § 1407 motion, multiple actions were pending outside the Western District of Washington, but, after the motion was filed, Plaintiffs dismissed those actions and re-filed several here, likely in an attempt to moot the motion.

and a transfer of Related Actions to one District is necessary so that they may proceed efficiently.

For similar reasons, the Court should not take up Plaintiffs' invitation to consider their motions for consolidation and to appoint lead counsel unless and until disputes over the proper venue for the Related Actions are resolved in favor of the Western District of Washington. As an initial matter, Plaintiffs' characterization of their leadership motion as "unopposed" is premature. Further, even if the Court were to grant Plaintiffs' leadership motion, Defendants disagree that such a ruling could bind plaintiffs in other Districts. In fact, not even all of the Related Actions in the Western District of Washington are subject to Plaintiffs' consolidation and leadership motions. In any event, Plaintiffs no doubt prefer this forum considering that they first filed lawsuits in other states before dismissing them only to re-file here, but where, as here, cases exist in multiple Districts, judicial and party efficiency necessitates resolving the proper venue for all Related Actions before proceeding in only a subset of them. Moreover, in one of the other Related Actions currently before this Court, Defendant Equity Residential filed a Motion to Transfer Case to the Southern District of California based on authorities that have rejected the type of maneuvering in which the plaintiffs in that Related Action have engaged. *See Morgan et al. v. RealPage, Inc. et al.*, No. 2:22-cv-017120-RSL (W.D. Wash.), ECF No. 20. Defendants believe that a resolution of Equity Residential's motion will be relevant to the determination of where the Related Actions belong.

Given the rapidly evolving landscape of cases and the multiple disputes over their proper venue, Defendants respectfully request that the Court decline to enter a case schedule at this time, preserve the existing suspension of the deadline for Defendants to respond to the Complaint in

1  the above-captioned action, and direct Plaintiffs and Defendants to file a status report by January
2  18, 2023 to apprise the Court of still unfolding events.[6]

---

[6] If the Court is inclined to enter a case schedule, Defendants disagree with Plaintiffs' proposed briefing schedule and page limits and respectfully request that the Court direct the parties to meet and confer regarding those matters.

| /s/ *Steve W. Berman* | /s/ *Heidi Bradley* |
|---|---|
| Steve W. Berman (WSBA No. 12536) | Heidi Bradley (WSBA No. 35759) |
| steve@hbsslaw.com | hbradley@bradleybernsteinllp.com |
| Breanna Van Engelen (WSBA No. 49213) | BRADLEY BERNSTEIN SANDS LLP |
| breannav@hbsslaw.com | 113 Cherry Street, PMB 62056 |
| HAGENS BERMAN SOBOL SHAPIRO LLP | Seattle, WA 98104-2205 |
| 1301 Second Ave., Suite 2000 | Telephone: (206) 337-6551 |
| Seattle, WA 98101 | |
| Telephone: (206) 623-7292 | Darin Sands (WSBA No. 35865) |
| | dsands@bradleybernsteinllp.com |
| Rio S. Pierce (*pro hac vice*) | BRADLEY BERNSTEIN SANDS LLP |
| riop@hbsslaw.com | 1425 SW 20th Ave., Suite 201 |
| Hannah K. Song (*pro hac vice*) | Portland, OR 97201 |
| hannahso@hbsslaw.com | Telephone: (503) 734-2480 |
| HAGENS BERMAN SOBOL SHAPIRO LLP | |
| 715 Hearst Ave., Suite 300 | /s/ *Stephen Weissman* |
| Berkeley, CA 94710 | Stephen Weissman (*pro hac* vice) |
| Telephone: (510) 725-3000 | sweissman@gibsondunn.com |
| | Michael J. Perry (*pro hac* vice) |
| *Counsel for Plaintiff Gabriel Navarro,* | mjperry@gibsondunn.com |
| *Individually and on Behalf of All Others* | GIBSON, DUNN & CRUTCHER LLP |
| *Similarly Situated* | 1050 Connecticut Avenue, NW |
| | Washington, DC 20036 |
| /s/ *Emily Brubaker Harris* | Telephone: (202) 955-8678 |
| Emily Brubaker Harris (WSBA No. 35763) | |
| eharris@corrcronin.com | Daniel G. Swanson (*pro hac* vice) |
| CORR CRONIN, LLP | dswanson@gibsondunn.com |
| 1015 Second Avenue, Floor 10 | Jay Srinivasan (*pro hac* vice) |
| Seattle, WA 98104-1001 | jsrinivasan@gibsondunn.com |
| Telephone: (206) 625-8600 | GIBSON, DUNN & CRUTCHER LLP |
| | 333 South Grand Avenue |
| Stephen McIntyre (*pro hac vice*) | Los Angeles, CA 90071 |
| smcintyre@omm.com | Telephone: (213) 229-7430 |
| O'MELVENY & MYERS LLP | |
| 400 South Hope Street, 18th Floor | Ben A. Sherwood (*pro hac* vice) |
| Los Angeles, CA 90071 | bsherwood@gibsondunn.com |
| Telephone: (213) 430-8382 | GIBSON, DUNN & CRUTCHER LLP |
| | 200 Park Avenue |
| Ian Simmons (*pro hac vice*) | New York, NY 10166 |
| isimmons@omm.com | Telephone: (212) 351-2671 |
| O'MELVENY & MYERS LLP | |
| 1625 Eye Street, NW | *Counsel for Defendant RealPage, Inc.* |
| Washington, DC 29996 | |
| Telephone: (202) 383-5106 | /s/ *Christopher W. Nicoll* |
| | Christopher W. Nicoll (WSBA No. 20771) |
| | cnicoll@nicollblack.com |
| *Counsel for Defendant BH Management* | Melinda R. Drogseth (WSBA No. 40711) |
| *Services, LLC* | |

STATUS REPORT
No. 2:22-cv-01552-RSL
8

/s/ Allison K. Krashan
Allison K. Krashan (WSBA No. 36977)
akrashan@schwabe.com
Cynthia Sue-Jin Park (WSBA No. 58012)
cpark@schwabe.com
SCHWABE WILLIAMSON & WYATT
1420 5th Ave Ste 3400
Seattle, WA 98101-2339
Telephone: (206) 622-1711

Timothy R. Beyer (*pro hac vice*)
tim.beyer@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Telephone: (303) 866-0481

Sarah Hartley (*pro hac vice*)
sarah.hartley@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street, N.W.
Washington, DC 20004
Telephone: (303) 866-0363

*Counsel for Defendant Cardinal Group Holdings LLC*

/s/ William L. Monts, III
William L. Monts, III (*pro hac vice* forthcoming)
william.monts@hoganlovells.com
Benjamin F. Holt (*pro hac vice* forthcoming)
benjamin.holt@hoganlovells.com
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-6440

Michael M. Maddigan (*pro hac vice* forthcoming)
michael.maddigan@hoganlovells.com
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4727

mdrogseth@nicollblack.com
NICOLL BLACK & FEIG
1325 Fourth Avenue Suite 1650
Seattle, WA 98101
Telephone: (206) 838-7515

Marisa Secco Giles (*pro hac vice*)
mgiles@velaw.com
VINSON & ELKINS LLP
200 West 6th Street, Suite 2500
Austin, Texas 78701
Telephone: (512) 542-8781

Jason M. Powers (*pro hac vice* forthcoming)
jpowers@velaw.com
VINSON & ELKINS LLP
845 Texas Avenue, Suite 4700
Houston, Texas 77002
Telephone: (713) 758-2522

*Counsel for Defendant Campus Advantage, Inc.*

/s/ Jeremy J. Calsyn
Jeremy J. Calsyn (*pro hac vice* forthcoming)
jcalsyn@cgsh.com
Leah Brannon (*pro hac vice* forthcoming)
lbrannon@cgsh.com
Kenneth Reinker (*pro hac vice* forthcoming)
kreinker@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1522

Joseph M. Kay (*pro hac vice* forthcoming)
jkay@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2745

*Counsel for Defendants Cushman & Wakefield, Inc. and Pinnacle Property Management Services, LLC*

| | | |
|---|---|---|
| *Counsel for Defendant Greystar Real Estate Partners, LLC* | /s/ *Amy B. Manning* |
| | Amy B. Manning (*pro hac vice* forthcoming) |
| /s/ *Michael F. Murray* | amanning@mcguirewoods.com |
| Michael F. Murray (*pro hac vice*) | Angelo M. Russo (*pro hac vice* forthcoming) |
| michaelmurray@paulhastings.com | arusso@mcguirewoods.com |
| Noah Pinegar (*pro hac vice*) | MCGUIRE WOODS LLP |
| noahpinegar@paulhastings.com | 77 West Wacker Drive, Suite 4100 |
| PAUL HASTINGS LLP | Chicago, IL 60601 |
| 2050 M Street, NW | Telephone: (312) 750-8904 |
| Washington, DC 20036 | |
| Telephone: (202) 551-1730 | *Counsel for Defendant DP Preiss Company, Inc.* |

J. Chad Mitchell (WSBA No. 39689)
Chadm@summitlaw.com
Christopher T. Wion (WSBA No. 33207)
Chrisw@summitlaw.com
SUMMIT LAW GROUP
315 5th Ave S, Ste 1000
Seattle, WA 98104
Telephone: 206-676-7000

*Counsel for Defendant CA Ventures Global Services, LLC*

/s/ *Fred B. Burnside*
Fred B. Burnside (WSBA No. 32491)
fredburnside@dwt.com
MaryAnn T. Almeida (WSBA No. 49086)
maryannalmeida@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 757-8016

Yonaton Rosenzweig (*pro hac vice* forthcoming)
yonirosenzweig@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017

*Counsel for Defendants The Michaels Organization and Interstate Realty Management Co.*